SZELIWICKI, Respondent, vs. CONNOR LUMBER & LAND COMPANY, Appellant.

*February 3—April 11, 1916.*

*Master and servant: Injury: Unsafe working place: Contributory negligence: Questions for jury: Evidence: Absent witness: Testimony given at former trial.*

1. A finding by the jury to the effect that plaintiff, an employee in defendant's lumber yard, was struck and injured by a crosspiece thrown from the top of a lumber pile by another employee, is *held* to be sustained by the evidence, although no one saw the crosspiece strike him.
2. Further findings to the effect that the method of disposing of the crosspieces, as lumber was taken from the pile and loaded upon a wagon, was not reasonably adequate to render plaintiff's place of employment as free from danger as the nature thereof would reasonably permit, and that he was not guilty of contributory negligence, are also *held* to be sustained by the evidence.

3. A witness being absent from the state-at the time of the second trial of the action, his testimony given at the first trial was admissible under sec. 4141a, Stats., where the issues of fact were the same at both trials, although the first trial went on the theory that the rights of the parties were governed by the common law and the second on the theory that such rights were governed by a statute (ch. 485, Laws 1911) which abrogated the common law.

4. It was not error to permit the testimony of such witness to be read as it appeared in the bill of exceptions on appeal from the judgment rendered at the first trial.

APPEAL from a judgment of the circuit court for Marathon county: A. H. REID, Circuit Judge. *Affirmed.*

This is an action to recover damages for a personal injury sustained by the plaintiff while a servant of the defendant.

The defendant owns and operates a sawmill and lumber yard at Laona, Wisconsin. This yard consists of driveways or alleys with piles of lumber on both sides. The plaintiff was in the employ of the defendant company and at the time in question was working about the yard picking up loose lumber or boards under the direction of the yard foreman. The foreman put him to work near a pile of crosspieces which had been used in piling the lumber, then left him, and went a short distance to where a car was being loaded with lumber. Other employees were taking lumber from a pile about twenty-five feet high, on the opposite side of the driveway or alley from where the plaintiff was working, and loading it upon a wagon. Beneath every layer of lumber in the pile were crosspieces, which were shorter than the boards in the pile. After removing a layer of boards the man on the pile, one Winkop, threw these crosspieces onto a pile across the alley. Plaintiff was working near the pile of crosspieces. One Collins, who was working on the opposite side of the alley from where the plaintiff was working, saw the plaintiff falling backwards with his hands clasped to his head. A crosspiece, such as was being thrown from the lumber pile over the alley, was lying about six feet from the plaintiff. When the men reached the plaintiff he was found to be unconscious. There was no bleeding

from the nose, ears, or mouth.    The plaintiff remained unconscious for hours and was seriously injured.    No one saw the plaintiff struck by the crosspiece.    There is evidence tending to show that he had been in good health up to this time.

On a former appeal of this case to this court and on motion for a rehearing the case was sent back for a new trial to litigate the rights of the parties under the provisions of ch. 485, Laws 1911.    On the second trial the court submitted a special verdict to the jury, who found (1) that plaintiff was struck and injured by a board thrown from a lumber pile by one of defendant's employees; (2) that the method of disposing of the crosspieces was not reasonably adequate to render the place of employment as free from danger as the nature thereof would reasonably permit; (3) that the lack of safety of this method of conducting the work was the proximate cause of the plaintiff's injury; (4) that the plaintiff did not by lack of care on his part proximately contribute to his own injury; and (5) that $3,500 would compensate the plaintiff for the injuries he received.

Judgment was duly entered in accordance with the verdict upon the order of the court for the recovery by the plaintiff of the sum of $3,500, together with the costs and disbursements of the action.    From such judgment this appeal is taken.

*Allan V. Classon,* for the appellant.

For the respondent there was a brief by *Kaftan & Reynolds,* attorneys, and *P. H. Martin,* of counsel, and oral argument by *Mr. Martin* and *Mr. R. A. Kaftan.*

The following opinion was filed February 22, 1916:

SIEBECKER, J.    1. It is held in this case that the finding of the jury to the effect that plaintiff, while in defendant's employ at the place and on the occasion in question, was struck and injured by a board thrown by one of defendant's employees in the course of loading boards from a lumber pile onto a wagon, is sustained by the evidence.    The evidence of the

plaintiff and the facts and circumstances of the injury presented an issue for determination by a jury.

2. The second question of the special verdict required the jury to determine whether or not the place where the plaintiff worked at the time of the injury was as free from danger as the nature of the employment would reasonably permit. It appears that the plaintiff was under the supervision of the yard foreman, who directed him to do work at the place where it is alleged he was injured. There is evidence tending to show that plaintiff did not know that crosspieces would be thrown from the lumber pile, of the height of about twenty-five feet, to the place where he was at work. It appears that the employee doing this work threw a number of such crosspieces in the direction of and near the plaintiff without giving any warning. It is also manifest that the conditions of the yard were such that these crosspieces could have been removed from the lumber pile and disposed of in some manner without danger to the plaintiff at the place he was working. The claim that the way adopted was an ordinary and reasonably safe way of conducting this work in view of the surrounding conditions is not sustained. It is manifest that other ways of disposing of these crosspieces could have been adopted which would not have endangered plaintiff's safety, and that the failure to do so justified the jury in concluding that it was dangerous to plaintiff to do the work the foreman directed him to do and that defendant failed to make plaintiff's working place as free from danger as the nature thereof would reasonably permit. The jury's finding on this issue cannot be disturbed.

3. The facts and circumstances showing that the plaintiff did not know that the crosspieces were to be thrown in his direction, that this was done without a proper and sufficient warning to him, and that his foreman directed and permitted him to work in the midst of these dangers, presented an inquiry for a jury as to whether or not plaintiff was guilty of contributory negligence.

4. An exception is urged to the admission of the plaintiff's evidence taken upon the former trial. It appears that plaintiff at the time of this second trial was absent from the state and that he could not appear at the trial to testify. Sec. 4141a, Stats. 1915, provides:

"The testimony of . . . any witness who is absent from the state . . . shall be admissible in evidence in any retrial, other action, or proceeding where the party against whom it is offered shall have had an opportunity to cross-examine the said . . . absent witness, and where the issue upon which it is offered is substantially the same."

It appears that the issues raised by the pleadings were identical throughout both trials. Secs. 2837–2839, Stats. 1915. Upon the first trial these issues were tried upon the theory that the rights of the parties were controlled by the rules of law in negligence cases, and on the retrial the same issues were tried under the rules provided by statutes which govern the rights of the parties. The issues of fact raised by the pleadings were unaltered, but the rights growing out of the facts were controlled by statute, which abrogated the common law theretofore applicable to the case. It appears that the plaintiff's evidence taken upon the first trial was as relevant and material to the question being tried on the retrial as it was under the theory of the first trial. The objection that it was error to permit the evidence to be read as it appears in the bill of exceptions on appeal from the judgment rendered in the former trial cannot be sustained. Sec. 4141a, Stats. 1915; *Howard v. Beldenville L. Co.* 134 Wis. 644, 114 N. W. 1114. The exceptions urged as to these questions in the case are not well taken.

*By the Court.*—The judgment appealed from is affirmed.

A motion for a rehearing was denied, with $25 costs, on April 11, 1916.