LAMBRECHT, by next friend, Respondent, vs. HOLSAPLE, Appellant.

*November 17—December 5, 1916.*

*Evidence: Testimony of witness absent from state: Decision as to absence: Review on appeal: Infants: Contracts: Rescission: Recovery of money paid: Rights fixed when action commenced: Burden of proving infancy: Questions for jury: Certificate of baptism.*

1. The testimony of a witness taken on a trial in justice's court was admissible, under sec. 4141*a*, Stats., upon the trial of the case on appeal to the circuit court, if at the time of the latter trial he was out of the state.

2. The question in such case whether the witness was out of the state or not was one of fact for the circuit court to decide, and its decision thereof will not be disturbed on appeal unless clearly wrong.

3. In an action to recover money alleged to have been paid by plaintiff while a minor for a horse which, when he offered to return it, the defendant refused to take back, the facts that after the case was tried in justice's court plaintiff placed the horse in care of a friend and left the state and that thereafter, the defendant persisting in his refusal to take it back, the horse was sold, do not affect the rights of the parties in the action, such rights having become fixed when the action was commenced.

4. The burden of proving that he was a minor when he bought the horse was upon the plaintiff; and his own testimony to that effect (given on a former trial) being opposed by evidence that he had then been doing business for himself for some time, and of his declarations out of court that he was of age, and his absence at the second trial being unexplained, the question was one for the jury.

5. A certificate of baptism is not competent evidence of the date of birth of the person baptised.

APPEAL from a judgment of the circuit court for Sauk county: JAMES O'NEILL, Circuit Judge. *Reversed.*

*Adolph Lambrecht* bought a horse of defendant, paying therefor $97.50. Thereafter he, so far as competent to do so, rescinded the transaction upon the ground of fraud and of his being a minor. He then, by his next friend, commenced

this action in justice's court to recover the money he paid. At the trial, he renewed his offer to return the horse, but defendant would not receive it. He recovered judgment and the case was appealed to the circuit court. In such court, upon proof satisfactory to the trial judge that he was a nonresident and was out of the state, his evidence taken in the justice's court was permitted to be read in evidence. At the close of the evidence, the court directed a verdict in his favor upon the ground that it conclusively appeared that he was a minor when he purchased the horse and he duly rescinded the transaction before bringing the suit. Judgment was rendered accordingly.

*Daniel Ruggles,* for the appellant.

For the respondent there was a brief by *Grotophorst & Thomas,* and oral argument by *H. H. Thomas.*

MARSHALL, J.   The points suggested by appellant will be briefly referred to.

If respondent was out of the state at the time of the trial, his evidence taken in justice's court was competent to be introduced.   Sec. 4141a, Stats.; *Szeliwicki v. Connor L. & L. Co.* 163 Wis. 20, 156 N. W. 622.

Whether respondent was out of the state or not, so as to render admissible his evidence taken upon the first trial, was a question of fact for the court to decide.   Proof was produced to establish such absence which was deemed *prima facie* sufficient.   No evidence to the contrary was offered. It does not appear that the decision in that respect was clearly wrong and therefore it cannot be disturbed.   It requires a pretty strong case to warrant overturning the ruling of the trial court on a mere question of competency.   *Emery v. State,* 101 Wis. 627, 648, 78 N. W. 145.

There was evidence to the effect that, after the first trial, respondent placed the horse with a friend to take care of and departed from the state.   After considerable time, appel-

lant persisting in his refusal to take back the animal, it was sold. Those circumstances do not affect this case. The rights of the parties became fixed before it was commenced. Respondent had a cause of action then or he did not. The trial court ruled right on that question.

Respondent testified that he was but twenty years of age when he purchased the horse. Evidence was given that he had made statements inconsistent therewith in a saloon, where he applied for a drink of intoxicating liquor. He then declared he was of age. There was evidence tending to show that he had been away from his parents' home for a considerable period of time; that he worked in the neighborhood where the particular transaction occurred for a year theretofore, and conducted himself, generally, as an adult. He was permitted to introduce, as part of his evidence, what purported to be a baptismal certificate which contained recitals indicating that he was but twenty years of age when the trade was made. That the certificate, conceding for the case that it was sufficiently authenticated, was not admissible in evidence to prove the date of birth of respondent, is ruled by *Lavin v. Mutual Aid Soc.* 74 Wis. 349, 351, 43 N. W. 143. Permitting it to be introduced as part of respondent's evidence, under the circumstances, gave it all the efficiency of independent evidence.

It follows that, whether the verdict was properly directed must turn on the evidence, leaving out the baptismal certificate. In that view, it is considered that there was a jury question, as to respondent's age. The burden was upon him to establish his claim, by evidence, to the satisfaction of the jury. If there were room in the evidence for the jury to have reasonably found either way, it was error to direct the verdict. That there was such room clearly appears. The trial court would, doubtless, so have held had the baptismal certificate been out of the case. There was a reasonable inference, as the jury might have thought, that respondent was

an adult from the fact that he had been doing business for himself for a considerable length of time. His deliberate declaration out of court that he was of age, a jury might fairly consider of as much weight as his evidence, in his own interest, in court, that he was a minor. His absence, also, from the trial, unexplained, preventing the jury from judging his age by his appearance, was a circumstance worthy to be considered. On the whole it seems that fatal error was committed by not submitting the cause to the jury.

*By the Court.*—The judgment is reversed, and the cause remanded for a new trial.