SCHOFIELD, Respondent, vs. RIDEOUT and wife, Appellants.

*January 16—February 13, 1940.*

For the appellants there was a brief by *Bird, Smith, Oko-neski & Puchner* of Wausau, and oral argument by *Charles F. Smith.*

*Carlyle B. Wurster* of Merrill, for the respondent.

FOWLER, J.   The action is by the grantee and assignee of a daughter of the defendant Rideout to compel a conveyance to him of a half interest in a house and lot and to recover a half share of the net rents of the premises on the ground that the premises were conveyed to the defendant Rideout by his daughter without consideration under agreement by him to sell the premises and turn over to the daughter one half of the proceeds, which agreement he has failed and refused to perform.   The defendants deny that the conveyance was without consideration and deny any agreement to sell or to account for proceeds of sale.   Judgment was entered against both defendants for relief in both respects as demanded in the complaint.   The trial judge held that a former judgment upon a like complaint in an action by the daughter entered on trial before Judge REID, referred to in the statement of facts, was *res judicata* that a half interest in the premises was conveyed by the plaintiff's grantor and assignor, the daughter, to the defendant Rideout, her father, without consideration, under an agreement by him to sell the premises and turn over to her one half the proceeds.   Judge LEICHT further found that since the entry of the former judgment the defendant Rideout had breached his agreement to sell; that the premises now have a sale value of only half what the defendant was several years ago offered; that though receiving all rents from the premises Rideout has failed to pay any

taxes since the year 1934; that both defendants are liable to an accounting for rents since the original conveyance from plaintiff's grantor and assignor to Rideout; and upon such findings judgment has been entered requiring conveyance of the premises to the plaintiff and for recovery by him from both defendants on accounting of some $2,700 and costs.

The claims of the defendants will be considered under headings successively numbered and stated as follows:

(1) A former judgment relied on by the plaintiff is not *res judicata* that the conveyance by plaintiff's grantor to the defendant Rideout was without consideration, or that an agreement was made as alleged in the complaint herein, as was found by Judge REID in the former case, nor do said findings estop the defendants from now contending that no such agreement was made and that the said conveyance was for consideration.

(2) The former judgment not being *res judicata,* and the findings in the former case not creating an estoppel, there is no evidence herein to support a finding of no consideration for the deed, or that such an agreement was made as alleged in the complaint.

(3) The plaintiff's case is based upon the claim that a trust concerning land was created without any deed or writing expressly declaring the trust subscribed by the party declaring it, and that such a trust is void under sec. 240.06, Stats.

(4) (a) The defendant husband is not obligated to account for rents to the amount found if obligated at all; and (b) the wife is not obligated to account for any rents.

(1) We consider that the defendants' contention (1) must be sustained. The defendants base this contention principally upon a ruling in *Bakula v. Schwab,* 167 Wis. 546, 587, 168 N. W. 378, to the effect that a finding made in one case does not create an estoppel in a subsequent case between the parties involving the same fact unless the party

against whom the fact is found has right of appeal from the judgment. As the judgment in the former case was in defendants' favor they could not appeal from it. Hence, the findings above referred to do not create an estoppel. No authorities to the point stated are cited in the *Bakula Case, supra,* nor do the defendants cite any, nor do we find any. But the contention of the defendants need not rest on such a rule, and we do not hold that such is the rule. The rule is well established that a finding in a former case does not create an estoppel if the fact found did not necessarily determine that case. The judgment must rest upon the fact found or the fact is open to relitigation. 2 Freeman, Judgments (5th ed.), § 689; *James v. Pettis,* 134 Minn. 438, 159 N. W. 953; *Horton v. Goodenough,* 184 Cal. 451, 194 Pac. 34; *House v. Lockwood,* 137 N. Y. 259, 33 N. E. 595; *Estate of Heydenfeldt,* 127 Cal. 456, 59 Pac. 839; *Landon v. Clark* (2d Cir.), 221 Fed. 841; *Silberstein v. Silberstein,* 218 N. Y. 525, 113 N. E. 495; *Cauhape v. Parke, Davis & Co.* 121 N. Y. 152, 24 N. E. 185; *Hymes v. Estey,* 116 N. Y. 501, 22 N. E. 1087; *Dygert v. Dygert,* 4 Ind. App. 276, 29 N. E. 490; *Paul v. Barnbrook,* 58 Ind. App. 607, 106 N. E. 425; *Fairman v. Bacon,* 8 Conn. 418.; *Kennedy v. Scoville,* 14 Conn. 61; *Thompson v. N. T. Bushnell Co.* (C. C.) 80 Fed. 332. See further cases cited to the same effect in 34 C. J. p. 927, § 1332, note 96.

The judgment in the former case rested on the finding that there was no breach of the agreement found by Judge REID. That finding was the only finding that was essential to support the judgment. The judgment would have been supported had Judge REID not made the findings as to the agreement and consideration, but merely said that if an agreement was made as plaintiff claimed the plaintiff was not entitled to recover because the defendant Rideout had used due diligence to sell, and nothing had so far occurred to render him liable on plaintiff's own theory.

(2) As the findings referred to in (1) do not estop the defendants from disputing the facts previously found, the judgment herein must rest on independent findings based on the evidence properly received on the trial of this case. No independent findings of no consideration or of agreement to sell were made herein. No testimony was offered by the plaintiff to support the plaintiff's claims in these respects, except the transcript of the testimony of the daughter, plaintiff's grantor and assignor, given in the former case, to receipt of which the defendants objected. The evidence of the daughter on the former trial was not receivable in absence of evidence that her presence as a witness at the trial could not be procured. There was no such evidence, and therefore no competent evidence to support those claims or to support the judgment herein. Sec. 325.31, Stats.; *Spencer v. State,* 132 Wis. 509, 112 N. W. 462; *Lambrecht v. Holsaple,* 164 Wis. 465, 160 N. W. 168; *Will of Bilty,* 171 Wis. 20, 176 N. W. 220.

(3) The statute involved under (3) is as follows:

"240.06 *Conveyance of land, etc., to be in writing.* No estate or interest in lands, other than leases for a term not exceeding one year, nor any trust or power over or concerning lands or in any manner relating thereto shall be created, granted, assigned, surrendered or declared unless by act or operation of law or by deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same or by his lawful agent thereunto authorized by writing."

It is to be noted that it excepts from its operation trusts created by "operation of law." Resulting trusts and constructive trusts are so created. See *Krzysko v. Gaudynski,* 207 Wis. 608, 613, 242 N. W. 186. In the instant case a constructive trust was created by operation of law. If agreement was made, as found by Judge Reid, such trust was created because of the confidential relation that existed be-

tween the father and daughter, and because of the contract of agency to sell and pay proceeds. 1 Restatement, Trusts, p. 135, § 44 (1) (b):

"Where the owner of an interest in land transfers it *inter vivos* to another in trust for the transferor, but no memorandum properly evidencing the intention to create a trust is signed, and the transferee refuses to perform the trust, the transferee holds the interest upon a constructive trust for the transferor, if . . .

"(b) the transferee at the time of the transfer was in a confidential relation to the transferor. . . ."

See also comment *c* on sub. (1) (b), p. 137:

"*c. Where transferee is in a confidential relation to transferor.* Where the owner of land transfers it *inter vivos* to another in trust for the transferor, but no memorandum properly evidencing the intention to create a trust is signed, the transferee will be compelled to hold the land upon a constructive trust for the transferor, if the transferee at the time of the transfer was in a confidential relation to the transferor. . . . Such a confidential relation exists . . . because of family relationship or otherwise [where] the transferor is in fact accustomed to be guided by the judgment of the transferee or is justified in placing confidence in the belief that the transferee will act in the interest of the transferor."

See also illustration 2, page 138:

"2. A transfers Blackacre to B, his father, on whose advice he is accustomed to rely, in reliance upon B's oral agreement to hold it in trust for A. At the time of the transfer B intends to perform his promise but he subsequently changes his mind and refuses to perform it. B holds Blackacre upon a constructive trust for A, and A can compel B to reconvey Blackacre to him."

It appears from the written opinion of Judge REID, who tried the former case, that he was of the view that Rideout held the premises in trust. He cited *Glander v. Glander*, 167 Wis. 12, 166 N. W. 446, as supporting that need.

Counsel for appellants insist that, in every case that has come before this court wherein in absence of a writing expressly declaring it a trust was held created, the case was grounded on a claim of fraud. But so is the instant case. It is grounded on a constructive fraud. If the father is the agent of his daughter to sell the land and has breached his contract of agency and violated the confidence reposed in him by his daughter his refusal to reconvey the land operates as a constructive fraud. The fact being alleged, it is not necessary that the legal conclusion that it operates as a constructive fraud be alleged in order to entitle the plaintiff to the relief claimed.

(4) (a) The defendant Rideout was held accountable for rents back to 1926 when he received the deed from the daughter. But the deed, if void, did not deprive him of his right of tenancy by the curtesy in the property which he acquired on his former wife's death under sec. 233.23, Stats. This section, so far as here material, reads:

"*Estates by the curtesy.* The husband on the death of his wife shall hold the lands of which she died seized and which were not disposed of by her last will and testament for his life as tenant thereof by the curtesy; . . . provided further, that in case of any husband whose wife dies after August 31, 1921, then any right of curtesy he may have attained shall be extinguished upon his remarriage."

Under this statute the father's right by the curtesy extended to his remarriage, which occurred in January, 1927.

(b) The defendant wife in no possible view could be held to account for any rents before she received her deed from the husband, which was in 1936. The husband received all rents and never paid any of them over to his wife. If she were accountable for rents received by her husband after she got her deed it would be on the theory that he collected them for her as owner as her agent. But if her deed be void, as plaintiff contends it is as against him, she was not the owner. Thus on no theory is she accountable for rents which she

never received. The judgment on the accounting feature of the case would be erroneous were it in other respects valid. These statements are made to avoid errors in accounting on retrial if on such trial the plaintiff prevails as to reconveyance.

*By the Court.*—The judgment of the circuit court is reversed, and the record is remanded for retrial of the case upon all issues.