WILSON, Respondent, vs. ANDREWS and wife, Appellants.

*March 12—April 7, 1942.*

306

For the appellants the cause was submitted on the brief of *Eberlein & Eberlein* of Shawano.

For the respondent there was a brief by *Winter & Koehler* of Shawano, and oral argument by *P. J. Winter*.

ROSENBERRY, C. J.    On behalf of the defendants it is contended that there was a trust relationship that the plaintiff stood in a confidential position and accepted the conveyance under conditions which create a trust and the defendants now seek to have the court enforce the trust. Having characterized the transaction by name, the defendants seek to apply the applicable law of trusts relating to this situation.    The trial court found, contrary to the contention of the defendants, that the plaintiff made no promise to the grantors, Julia Andrews, her mother, and the defendant, Fred W. Andrews, her father, at the time or prior to the time the deed was given to her, that she would permit her mother and father to live on the premises as long as they lived.    It is considered that this finding is in accordance with the weight of the evidence.    The testimony of the father is not contrary to the finding.    He testified :

"I had that deed in my possession from that time [time of execution] until I gave it to her. . . . Here's a birthday present for you, but your mother and I are to stay here as long as we live."

She said "Yes, of course."    If this evidence tended to prove anything it would be something in the nature of a reservation. The deed is absolute upon its face.    The defendant does not seek reformation.    The defendant cannot vary the terms of the deed by parol evidence.    It must be remembered that at this time the father and mother were on good terms with their daughter from whom they were receiving substantial

sums for their support. The mother died about five years after the execution of the deed. Plaintiff's marriage was violently opposed by the defendant, Fred W. Andrews, who forbid the plaintiff's husband to step on the property. The father's opposition to the plaintiff's marriage was the cause of the controversy which resulted in this litigation. Whatever may have been the cause of the estrangement between the father and daughter, it in no way affected or changed their legal relationship. The deed was given to her as an outright gift. She on her part furnished her parents substantial sums for their support and maintenance, they continued to occupy the premises until after the death of the mother. A consideration of all the evidence indicates that the transaction was a natural and reasonable one as between parents and a daughter upon whom they were at least partially dependent for their support. The conversation between the father and mother at the time of the execution of the deed when the daughter was not present and which was not communicated to her, in no way characterizes or affects the nature of the transaction so far as the daughter is concerned. If it indicates anything it indicates that the parents intended to make her a clear gift of the property. The evidence is not sufficient to establish the existence of a trust relation. Sec. 240.06, Stats., provides:

"No estate or interest in lands, other than leases for a term not exceeding one year, nor any trust or power over or concerning lands or in any manner relating thereto shall be created . . . unless by act or operation of law or by deed or conveyance in writing, subscribed by the party creating . . . or declaring the same. . . ."

The defendants seek to escape the application of this section to the facts in this case on the theory that part performance takes the case out of the statute and in support of that contention counsel cites *Schofield v. Rideout* (1940), 233 Wis. 550, 290 N. W. 155. In that case the court held there

was a constructive fraud under secs. 231.07 and 231.09, Stats. The facts in this case do not bring it within these sections. The property was not purchased with money belonging to another, and the title taken in the name of the plaintiff under circumstances which would create a resulting trust, nor does the evidence establish any facts even remotely tending to show that the plaintiff in this case was guilty of any fraudulent conduct. See *Schofield v. Rideout, supra.* Hence this case is not within the exception contained in sec. 240.06, which provides in effect that a trust created by operation of law is not within the terms of that section.

The evidence here discloses, as the trial court held, that the parents intended to make a free gift of this property to the daughter with the hope and expectation that she would permit them to live there. The conveyance was not made upon any promise on her part that she would so permit them nor did she practice any deception upon the grantors. The arrangements made were fully considered by the father and mother and no doubt the arrangement would have continued except for the refusal of the father to consent to his daughter's marriage and his hostile and unreasonable attitude toward her husband after the marriage. Certainly there is nothing in the arrangement which gives the father any right to dispossess his daughter. She has the right of possession and is entitled to be placed in possession of the premises as the trial court held.

*By the Court.*—Judgment affirmed.