## W. Edson McKee et ux v. Elliot D. Martin

[122 A2d 868]

February Term, 1956.

Present: Jeffords, C. J., Cleary, Adams, Chase and Hulburd, JJ.

Opinion Filed May 1, 1956.

*Paterson & Eldredge* for the defendant.

*Monti & Calhoun* for the plaintiffs.

Cleary, J.   This is an action of contract.   The defendant pleaded the general issue and special pleas in bar.   Hearing was had on the special pleas, the pleas were denied, the defendant allowed an exception to the denial of each plea, and the cause passed to this Court before judgment pursuant to V. S. 47, §2124.   The defendant relies here on his special pleas of estoppel by verdict and res adjudicata.   He has waived a third special plea which he filed in the trial court.

The plaintiffs, by writ dated December 29, 1954, brought an action of tort against this defendant, to recover damages for fraud in inducing the plaintiffs to enter into a contract for the construction of a dwelling house and garage, the foundation thereof, a concrete slab which constituted the floor of the

house, and the filling of an excavation, all on a building lot owned by the plaintiffs on Towne Hill Road in the City of Montpelier. The cause was tried by jury at the March 1955 term of the Washington County Court and, at the close of the plaintiff's case, the court ordered a directed verdict for the defendant. Judgment was entered on that verdict on May 19, 1955.

The plaintiffs, by writ dated May 5, 1955, brought the present action of contract against the same defendant to recover damages for breach of the same contract in the construction of the same dwelling house, garage, foundation, concrete slab and filling of the excavation.

■■ A former judgment is an absolute bar to a subsequent action only where the parties, subject matter and the causes of action are identical, or substantially so. *Blondin* v. *Brooks*, 83 Vt 472, 480, 76 A 184; *Gilley* v *Jarvis*, 94 Vt 135, 137, 109 A 41; *Cutler* v. *Jennings*, 99 Vt 85, 89, 130 A 583; *Fletcher* v. *Perry*, 104 Vt 229, 232, 158 A 679; *Turner, Admx.* v. *Bragg*, 115 Vt 196, 198, 55 A2d 268. But when some controlling fact or question material to the determination of both suits has been adjudicated by a court of competent jurisdiction and is again in issue between the same parties or their privies, the former adjudication will, if properly presented, be conclusive of the same fact or question in the second suit, although the two suits are not for the same cause of action. This is, technically speaking, an estoppel by verdict, because while there is no estoppel without the judgment which confers upon the finding contained in the verdict the sanction necessary to give it the effect of res judicata, the estoppel is not by the judgment, but by the verdict or finding. *Spaulding, Admr.* v. *Mutual Life Ins. Co.*, 96 Vt. 67, 73, 117 A 376; *Fletcher* v. *Perry, supra*, 104 Vt. 229, 232, 158 A 679.

■■ It is enough if it be shown that the precise question involved in the second suit was raised and determined in the first suit. *Gray* v. *Pingry*, 17 Vt 419, 424. This doctrine is limited to such matters as are within the pleadings (as drawn or broadened by the conduct of the parties) in the former action, but it is equally applicable whether these mat-

ters are, themselves, the ultimate and vital ones, or only incidental to the main question, but essential to its decision. *Cutler* v. *Jennings, supra,* 99 Vt 85, 89, 130 A 583.

The defendant relies on the following quotations from *Spaulding, Admr.* v. *Mutual Life Ins. Co., supra,* 96 Vt 67 at pages 72, 73 and 76, 117 A 376: "When the second action between the same parties or some of them is upon a different cause of action the former adjudication operates as a bar as to those matters in issue or points controverted, upon the determination of which the findings or verdict was rendered and no further. Otherwise stated, in such case it is only upon matters actually litigated and determined that the adjudication is conclusive." "It is not the recovery but the matter alleged by the party, and upon which the recovery proceeds which creates the estoppel." "Every point that was expressly or by necessary implication in issue, and which must necessarily have been decided to support the judgment is concluded."

The defendant also relies on *Turner* v. *Bragg,* 117 Vt 9, 11, 83 A2d 511, 512. But there this Court held "the point decided must have been essential to the former judgment, or one which must necessarily have been decided in order to support the judgment. A judgment is not evidence of any matter which came collaterally in question merely nor of any matter incidentally cognizable."

The defendant claims that the same matters are in issue, must be actually litigated and determined, and the same points are controverted in the present action of contract as were determined and adjudicated by the directed verdict and judgment in the previous tort action; that the matters alleged in both cases in word and expression are identical with the exception of the allegation of scienter in the tort action.

The defendant's claims are not well founded. The two suits brought by the plaintiffs are not for the same cause of action, even though they relate to the same transaction. The tort action was for the alleged fraud of the defendant in inducing the plaintiffs to enter into the contract. The contract action is for the defendant's breach of the contract. In the tort action the plaintiffs alleged that, in order to induce the plaintiffs to enter into the contract, the defendant knowing-

ly misrepresented to the plaintiffs the cost of materials, labor, construction of the buildings and the cost of filling the excavation, intending that the plaintiffs should rely on them and believe them, and believing them should enter into the contract with him which the plaintiffs did; and that, at the time of the misrepresentations, the defendant knew that the true costs were far in excess of those represented by the defendant and the damages sought were those alleged to have been caused by the defendant's fraud. In the contract action there is no allegation of fraud. In this action the plaintiffs allege that they have fully complied with the terms of the contract but allege that the defendant has failed, neglected and refused to do so, though requested to do so by the plaintiffs, and the damages sought are those alleged to have been caused by the breach of the contract. Thus it is seen that the issues here are not the same as those in the tort action.

The early case of *Gates* v. *Goreham,* 5 Vt 317, 320, cited with approval and based its decision on the following quotation from *Kitchen, et al* v. *Campbell,* 3 Wils 304: "What is meant by the same cause of action is, where the same evidence will support both the actions, although the actions may happen to be grounded on different writs; this is the test to know whether a final determination in a former action is a bar or not to a subsequent action; and it runs through all the cases in the books, both in real and personal actions." *Gates* v. *Goreham* is cited in *Cutler* v. *Jennings,* 99 Vt 85, 89, 130 A 583, 584, where this Court said: "The true test is, will the same evidence support both actions." It is apparent that the evidence required to support either one of the two actions with which we are concerned would not support the other action.

*Merchants National Bank* v. *Taylor,* 66 Vt 574, 29 A 1012, supports the plaintiffs' claim that their present suit is not barred by the result in the tort action. In the Merchants Bank case the Court held, at 66 Vt 577; "The plaintiff did not rescind this contract on account of the fraud, but elected to affirm it. It thereby had two causes of action against the defendant, the one on the contract evidenced by the note, and the other in tort for the false and fraudulent representations. Both actions must proceed upon the part of the plain-

tiff, on the theory of an affirmance of the contract. Although differing in form, one would not allege what the other would deny. But while consistent, they are not identical; the one proceeds upon the theory of a tort; and the other upon contract. A party may prosecute as many remedies as he legally has, if they are consistent and concurrent, and a recovery in one does not constitute a bar to the other."

In *Priest, Admr.* v. *Foster*, 69 Vt 417, 38 A 78, the plaintiff first sued the defendants in case for so negligently managing his mill that it was destroyed by fire, and in that suit was cast. He then sued the defendants for a breach of contract to return the mill as they received it. The Court held that the judgment in the first action was not a bar to the maintenance of the second action and, at p. 420 said: "In order to estop a party from proving a fact, because the fact has been found against him in a former suit, it must clearly appear that the precise question was adjudicated in such suit; and, if the record relied upon leave this in doubt, there is no estoppel."; at p. 421 the Court said: "Where two remedies are consistent, so that resort to one is not a disaffirmance of the other, either or both may be prosecuted until satisfaction is obtained"; and at p. 423: "The issues made by the pleadings in the two cases are dissimilar, and are supported by entirely different evidence."

*Pierce* v. *Mitchell*, 87 Vt 538, 90 A 577, was an action of assumpsit for damages in an exchange of automobiles. The defendant pleaded the general issue and a former judgment in bar. In deciding that the former judgment for the defendant in an action for deceit in the exchange of the automobiles did not bar the subsequent action in assumpsit the Court held at p. 541: "The plea alleges a judgment in his favor in an action on the case for deceit, while this action is assumpsit for breach of contract. Though both relate to the same transaction, they are independent causes of action. In the former, to recover, the plaintiff was required to prove scienter. Failing in that, judgment would go against him in that action, but that judgment would not bar a recovery for breach of the contract. In the former action the contract now sued on was only matter of inducement. The gist of the action was

deceit, while in the case at bar the action is founded upon breach of contract."

In *Oben* v. *Adams*, 89 Vt 158, 94 A 506, the plaintiff brought an action for deceit, claiming a misrepresentation by the defendant as to certain security which he would offer to the plaintiff as security for a loan which the defendant sought to make from the plaintiff. This Court there held that the fact that the plaintiff brought suit and obtained judgment on the note did not preclude him from subsequently suing the defendant for fraud; that, though the two suits related to the same transaction, they were not for the same cause of action, one being to recover the amount of the defendant's note and the other to recover damages for the defendant's fraud which deprived the plaintiff of the security which induced the loan.

■ So in the case before us because the plaintiffs claimed fraud they had the choice of rescinding or affirming the contract. They chose to affirm it and thereby had two causes of action, one in tort for the alleged fraud, and the other in contract for the alleged breach of the contract. Though the two causes of action are consistent and concurrent, they are not identical; one proceeds upon the theory of a tort, and the other upon contract. The issues made by the pleadings in the two cases are dissimilar and the same evidence would not support both actions. If the plaintiffs had prevailed in the tort case and prevail in this case, of course they could not collect the full amount of damages in both suits. Collection of the greater amount of damages recovered would be reduced by the lesser amount collected in the other suit. *Merchants National Bank* v. *Taylor, supra,* 66 Vt 574, 578, 29 A 1012; *Oben* v. *Adams, supra,* 89 Vt 158, 166, 94 A 506.

*The order denying the defendant's pleas in bar is affirmed and the cause is remanded.*