LORRAINE JONES *v.* OSWALDO VALISI.

January Term, 1941.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed February 11, 1941.

482

*Sylvester & Ready* for plaintiff.

*McFeeters & Kissane* for defendant.

SHERBURNE, J. This is an action for negligence, and results from a collision between the automobile in which the plaintiff was riding as a passenger and a truck owned by Gay's Express, Inc. and operated by the defendant. In his answer the defendant avers that the plaintiff, prior to the bringing of the suit, brought a suit against Gay's Express, Inc., in which she sought to recover damages resulting from this same collision, and in which she alleged that the truck was negligently operated by its servant; that this defendant was the servant of the defendant in the former action and was acting within the scope of his em-

ployment; that the acts complained of in this suit are the same acts complained of in the former case; that the issues litigated and determined in the former action were whether the defendant in that case was negligent and, if so, whether such negligence was a proximate cause of the plaintiff's injuries; that judgment was rendered below in that action in favor of the plaintiff, but reversed in this Court, and judgment was here entered for the defendant to recover its costs; and that consequently the two causes of action are substantially identical, and that the judgment in the former case is a bar to the present action. The plaintiff demurred to this answer and gave as reasons that the former action is not a bar; that she made no election when she proceeded against the master in the former case; that the liability involved in this and the former suit is a several liability, and there being no recovery in the former suit she is not barred from pursuing her remedy against the servant; and that admission of negligence of the defendant having been held inadmissible against the master, the plaintiff is not now barred from maintaining her action against the defendant to determine his negligence. The demurrer was overruled, subject to plaintiff's exceptions, and the cause has been brought here before final judgment.

In the former case, *Jones* v. *Gay's Express, Inc.*, 110 Vt. 531, 9 Atl. 2d. 121, all the elements necessary to a recovery were made out except the negligence of the defendant's servant. The only evidence offered to show his negligence consisted of his admissions which we held to be inadmissible in a suit against the master. As the defendant in that case, if liable at all, was liable under the rule of *respondeat superior* does a failure to prove that its servant was negligent in that case bar a suit against the servant upon the same charge of negligence under these circumstances?

In a case where the master is liable only under the rule of *respondeat superior,* the master is not the wrong doer, but the law gives to the injured party the right to elect to treat the master and servant as one and recover from the master, or to disregard their relation and recover from the servant. He can treat the servant's act as that of the master but not as that of the master and servant. They are not joint tort-feasors, and therefore jointly and severally liable. *Raymond* v. *Capobianco,* 107 Vt. 295, 303, 178 Atl. 896, 98 A. L. R. 1051.

■■ Had the former case gone against the master the defendant as its servant would not have been concluded thereby in a suit against him by the master for reimbursement because there was no privity between them. While the general rule is that no person can claim the benefit of a judgment as an estoppel unless he would have been prejudiced by a contrary decision of the case, *Dunnett* v. *Shields & Conant,* 97 Vt. 419, 431, 123 Atl. 626; *Fletcher* v. *Perry,* 104 Vt. 229, 232, 158 Atl. 679; where the relations between two parties are analogous to that of principal and agent, the rule is that a judgment in favor of either, in an action brought by a third party, rendered upon a ground equally applicable to both, should be accepted as conclusive against the plaintiff's right of action against the other. 30 Am. Jur. Judgments, Sec. 249. Most of the cases illustrating this rule arise from situations where the defendant's responsibility is necessarily dependent upon the culpability of another, who was the immediate actor, and who, in an action against him by the same plaintiff for the same act, has been adjudged not culpable, but there are a number of well reasoned cases where a judgment in favor of the principal was held to bar a suit against the agent or servant. The leading case is *Emery* v. *Fowler,* 39 Me. 326, 63 Am. Dec. 627 where it is said: ''To permit a person to commence an action against the principal, and to prove the acts alleged to be trespasses to have been committed by his servant, and to fail upon the merits to recover, and subsequently to commence an action against that servant, and to prove and rely upon the same acts as a trespass, is to allow him to have two trials for the same cause of action, to be proved by the same testimony. In such cases the technical rule that a judgment can only be admitted between the parties to the record or their privies expands so far as to admit it, where the same question has been decided, and judgment rendered between parties responsible for the acts of others.''

In *Giedrewicz* v. *Donovan,* 227 Mass. 563, 179 N. E. 246, 248, it is said: ''As a matter of public policy and in the interest of accomplishing justice, the better rule would seem to be that, if it is clearly established, in the trial of an action either against the employee or against the principal for damages caused by the employee's negligent conduct, that the employee is not negligent, the judgment in the case first tried is a bar to a subsequent

action by the same plaintiff for the same negligent conduct of the same employee. In principle it would seem to be immaterial whether the first judgment was obtained in an action against the employer provided the only ground for holding the employer is the negligence of the employee and it clearly appears that in the first trial the employee was found to be free from culpability.'' In this case a judgment in favor of the principal was held to bar a suit against the employee. To the same effect is *Tighe* v. *Skillings,* 297 Mass. 504, 9 N. E. 2d. 532.

In *Krolik* v. *Curry,* 148 Mich. 214, 111 N. W. 761, a judgment on the merits in favor of a corporation, in an action instituted against it for fraud by means of misrepresentation in the sale of land, was held to be a bar against a subsequent suit against the officers of the corporation for the same fraud.

In *Wolf* v. *Kenyon,* 242 App. Div. 116, 273 N. Y. S. 170; and in *Jones* v. *Young,* 257 App. Div. 563, 14 N. Y. S. 2d. 84; and *Fightmaster* v. *Tauber,* 43 Ohio App. 266, 183 N. E. 116, it was held that a plaintiff who first brings action against the master for the negligent act of the servant and fails on the merits may not bring a second action against the servant for the same negligent act.

A few other cases in point are: *Anderson* v. *West Chicago Street R. Co.,* 200 Ill. 329, 65 N. E. 717; *Whitehurst* v. *Elks,* 212 N. C. 97, 192 S. E. 850; *Jenkins* v. *Atlantic Coast Line R. Co.,* 89 S. C. 408, 71 S. E. 1010.

It is argued that the rules of evidence would be different in an action against the servant; that the servant's admissions of negligence, although inadmissible against the master, would be admissible in evidence against the servant. These are rules of procedure only and are not of a substantive nature. This does not affect the proposition that the question of the servant's negligence has been determined. The plaintiff might have introduced the servant's admissions in a suit against the servant, but having failed in her suit against the master, she is now barred from suing the servant. *Fightmaster* v. *Tauber, supra*; *Wolf* v. *Kenyon, supra.*

*Judgment overruling the demurrer affirmed, and cause remanded.*