### Alfred T. Padova v. Grace S. Padova

[183 A.2d 227]

May Term, 1962

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed July 16, 1962

*John S. Burgess* and *Robert H. Gibson* for the libellant.

*Barber & Barber & Grussing* for the libellee.

**Barney, J.** This is a contested divorce with a decree in favor of the wife, Grace S. Padova, on her cross-libel. Its validity depends upon whether her marital misconduct has been so condoned as to bar the defense of recrimination. Both sides have addressed themselves to this issue on the basis of the facts as found by the trial court, the husband, Alfred T. Padova, contending that on the basis of the findings the decree granting his wife a divorce is erroneous as a matter of law.

These findings show that the abusive conduct of the wife toward the husband during the period 1955 through 1956 amounted in law to intolerable severity. It follows that, unless there was condonation, the wife is not entitled to a decree of divorce.

■ The husband points to the fact that there is no express finding of condonation and says that on that account the decree cannot stand. However, the trial court did find as follows:

"22. While the parties were living as husband and wife at 62 Ballard Drive, West Hartford, Connecticut in the fall of 1957 the parties had marital relations and the child Joel was conceived during this period."

Under our law, the husband being fully aware of the misconduct involved previously, this finding amounts to a determination that, as a matter of law, the previous misconduct had been condoned. *Davidson* v. *Davidson*, 111 Vt. 68, 74, 10 A.2d 197.

■■ However, condonation is a doctrine of conditional forgiveness. Marital relations accomplishes the forgiveness, but with the continuance of the marriage the obligation is then on the forgiven partner to desist from the misconduct. *Davidson* v. *Davidson, supra,* 111 Vt. 68, 71, 10 A.2d 197. Failure to fulfill the condition of condonation renders it inoperative and nullifies its legal effect. *Crossman* v. *Crossman,* 115 Vt. 219, 221, 55 A.2d 330.

■ The burden of proof on the issue of condonation is on the party seeking the benefit of the doctrine; in this case, the wife. *Belville* v. *Belville,* 114 Vt. 404, 408, 45 A.2d 571. It was incumbent upon the wife to procure a finding that demonstrated, or necessarily implied, that she had fulfilled and was fulfilling the condition of ceasing her misconduct when she was given grounds for divorce by the actions of her husband.

Having regard for our duty to construe the findings in support of the judgment order and resolving all conflicting inferences in favor of the wife, the proof is still insufficient to support application of the doctrine of condonation. *West* v. *West,* 115 Vt. 458, 460, 63 A.2d 864. Finding 23 reads as follows:

"23. While the parties were living in Connecticut during 1957 various arguments arose between the parties and the cross libellant would fly into fits of temper and rage, using vulgar and profane language toward the libellant, disparaged him, causing him to become nervous, irritable and to lose weight."

This finding, of itself, amounts to a denial that the wife in any way restrained or changed her previous intolerably severe activities. There are only three other findings which touch upon the relations

between the parties in the period during which condonation is claimed. They are:

"25. On or about February 27, 1958 arguments arose between the parties, the exact cause of which the Court is unable to find, and the libellant removed from 62 Ballard Drive returning to Alfredo's Inn in Brattleboro and the parties have not lived together as man and wife since that date.

"26. The Court finds that the actions of the cross libellant in striking, scratching and tearing the clothes of the libellant, coupled with continual accusations of infidelity, dissatisfaction as to living conditions, embarrassment of the libellant caused by the cross libellant's actions in the presence of others had a detrimental effect upon the health of the libellant in that he became nervous, upset and lost weight. The Court further finds that the actions of the cross libellant were not brought about by fault on the part of the libellant. The Court is unable to find that the separation on or about February 27, 1958 was brought about solely by the actions of the cross-libellant.

"27. The home in Connecticut at 62 Ballard Drive where the parties were living at the time of the separation was owned by the cross-libellant and was a proper place in which the family could reside. The Court is unable to find that the libellant in leaving his wife and family on or about February 27, 1958 had legal cause so to do."

The best that can be said for these findings from the standpoint of the wife is that they may be equivocal. To go that far we must make an assumption of dubious validity, that the first two sentences of finding 26 were intended by the trial court to deal only with conduct of the wife prior to September 1957. In view of finding 23, previously quoted, this assumption is hard to justify, and still leaves untouched the negative effect of that finding on the claim of condonation.

In view of the burden of proof on her, the wife's case is not helped by the lower court's uncertainty as to the responsibility for the parting quarrels. Nor does the stated inability of the court to reach, on the facts, the legal conclusion that the husband had "legal cause" to leave his family in February 1958, benefit the wife. This conclusion and the decree itself are inconsistent with the other facts found. The failure of the findings to establish that the condonation was made legally

operative through the reformation of behavior on the part of the wife leaves the decree without evidentiary support. These shortcomings and inconsistencies require reversal of the decree rendered. *Howard v. Howard,* 122 Vt. 27, 34, 163 A.2d 861.

In his brief the husband requests that a divorce be granted him on the grounds of intolerable severity, based on the findings. It is our understanding from the argument that this request has been abandoned. In any event, obstacles stand in the way of such relief in this case. The uncontested findings, although failing to support the decree made, also contain matter inconsistent with a decree in favor of the husband. These inconsistencies can more properly be removed by factual determinations made in the trial court on remand. *Howard v. Howard, supra,* 122 Vt. 27, 34-35, 163 A.2d 861.

In that connection the issue of the effect of a prenuptial agreement entered into between the parties in Connecticut may again arise. Since our disposition of the case at this time does not involve construction of the contract, only this much may properly be said. It is the law of this state that a contract entered into without the state, if valid where made, will be interpreted here according to the law of the state where made, so long as its enforcement does not contravene the public policy of Vermont. *Siwooganock Guaranty Savings Bank* v. *Cushman,* 109 Vt. 221, 246-7, 195 Atl. 260. In the absence of evidence of fraud or unconscionable advantage taken at the time of execution, the parties themselves are bound according to the terms of the contract. Our courts will override their provisions only to enforce duties imposed by law sought to be avoided by contract, or, in particular, to protect the interests of children involved. All such arrangements demand careful scrutiny by the trier of fact.

*Decree reversed and cause remanded.*