John ABAJIAN, Jr., Ernest L. Mills and Gino A. Dente

v.

The AETNA CASUALTY AND SURETY COMPANY.

Civ. A. No. 3849.

United States District Court
D. Vermont.

May 1, 1964.

Samuel H. Rothman and Fayette & Deschenes, Burlington, Vt., for plaintiffs.

Ryan, Smith & Carbine, Rutland, Vt., for defendant.

GIBSON, District Judge.

John Abajian, Jr., Ernest L. Mills and Gino A. Dente, all residents of Burlington, Vermont, and all qualified anesthetists, brought a complaint asking for declaratory judgment against the Aetna Casualty and Surety Company. The complaint alleged that in November 1959, the defendant insurance company issued to each of the plaintiffs a professional liability policy wherein the defendant promised: (1) to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of the hazards defined in the policies and (2) to defend any suit against the insured alleging injury and damages resulting from the hazards defined in the policy. It further alleged that these policies were in full force and effect at the time that one Harold Marshall underwent an operation in the Mary Fletcher Hospital in September, 1960; that as a result of this operation, said Marshall filed an action in this Court against the Mary Fletcher Hospital numbered Civil Action No. 3727 and that thereafter the Mary Fletcher Hospital filed a third party complaint against the three doctors who are the plaintiffs in this declaratory judgment case. The defendant has refused to defend these three plaintiffs in the Mar-

shall case, and hence the bringing of this declaratory judgment action asking that the defendant insurance company be ordered to defend the third party complaint against each of the plaintiffs in this action. Hearing was held on this declaratory judgment action at Burlington on March 6, 1964.

### FINDINGS OF FACT

The three anesthetists, Doctors Dente, Mills and Abajian were in a partnership and the partnership had a contract with the Mary Fletcher Hospital for the use of the services of these doctors as anesthetists during operations taking place in the Mary Fletcher Hospital.

In November of 1959, the defendant insurance company issued a professional liability policy to Dr. Dente for coverage of $100,000 for each claim, $300,000 aggregate; on the same day, it issued a similar policy to Dr. Mills for similar amount of coverage; on the same day, it issued to Dr. Abajian a similar policy with coverage of $50,000 for each claim, $150,000 aggregate.

The policies were sold to the doctors through the Allen Agency in Burlington and all bore the same date. The Allen Agency was a general agent of the defendant insurance company for the sale of casualty insurance policies.

These policies contain, amongst other provisions, the following provisions:

"I. INSURING AGREEMENT

"To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of the hazards defined in the special provisions.

"II. Defense, Settlement, Supplementary Payments

"With respect to such insurance as is afforded by this policy, the Company shall:

"(a) defend any suit against the Insured alleging injury and seeking damages on account thereof, even if such suit is groundless, false or fraudulent * * *

**"SPECIAL PROVISIONS**

"1. *Definition of Hazards—Professional Liability—Individual Coverage.*

"Injury arising out of malpractice, error or mistake in rendering or failing to render professional services in the practice of the Insured's profession described in the declarations, committed during the coverage period by the Insured *or by any person* for whose acts or omissions the Insured is legally responsible except as a member of a partnership.

"2. \* \* \*

"3. \* \* \*

"4. This insurance does not apply: \* \* \*

"(b) to liability of others assumed by the Insured under any contract or agreement, or to liability assumed by the Insured under any agreement guaranteeing the result of any treatment;"

While there is a conflict in evidence, this Court finds that the Allen Agency was aware when it issued the policies in issue that Doctors Abajian, Mills and Dente were in partnership, and further that the Allen Agency was aware that this partnership was under contract with the Mary Fletcher Hospital for said hospital as anesthetists.

## CONCLUSIONS OF LAW

 The knowledge of the Allen Agency that the three aforementioned doctors were partners is imputable to the Aetna Casualty and Surety Company. Brink & Co. v. Merchants & Mechanics Insurance Co., 49 Vt. 442, 458–459 (1877). The defendant Aetna Casualty and Surety Company is therefore estopped from denying coverage to the three doctors on the ground they were members of a partnership. If, when the agent of an insurance company delivers a policy of insurance he has knowledge of facts as regards the subject of insurance inconsistent with the terms of the policy, the assurer, by accepting the premium, is estopped from declaring the policy void because the terms thereof were not so changed in writing as to conform to the facts. Welch v. Fire Association of Philadelphia, 120 Wis. 456, 98 N.W. 227 (1904). In the instant situation, the defendant Aetna Casualty and Surety Company is estopped from denying the policy provision "1" quoted above applies when it bases its contention on the ground that such coverage is not applicable to the individual doctor's liability as a member of a partnership.

The defendant secondly contends that the coverage of the policies issued to the plaintiffs does not extend to the instant situation due to the contract between the plaintiffs' partnership and the Mary Fletcher Hospital. Assuming for the moment that the partnership is an independent contractor and not a servant or agent of the hospital, Harold Marshall could have brought suit against the partnership, or the hospital, or both. If suit had been brought against the partnership, or partnership and hospital, in such case the partnership and its members would have been primarily liable in the eyes of the law. The rationale of United States Fidelity & Guaranty Co. v. Virginia Engineering Co., 213 F.2d 109, 63 A.L.R.2d 1114 (4th Cir. 1954) appears valid upon this point, and I quote:

"It is not reasonable to suppose that, when the insured was taking insurance to protect against liability imposed by law, it was intended to exclude coverage of claims for which the law imposed liability on the insured, merely because insured had agreed to protect another against secondary liability on account of such claims."

██ A clause in a liability insurance policy which excludes liability assumed by the insured by contract does not exclude coverage of claims for which the law imposes primary liability upon the insured where the insured agrees to protect another against secondary liability. It would appear that the finding which is of "controlling importance", of

a special contract, rather than a doctor's implied contract, in McGee v. United States Fidelity & Guaranty Co., 53 F.2d 953 (1st Cir. 1931) distinguishes that case from both the present action and also McGee from United States Fidelity & Guaranty Co. v. Virginia Engineering Co., supra.

It is difficult to perceive how the third-party defendants in Marshall v. Mary Fletcher Hospital (Civ. Act. #3727), the plaintiffs herein, can be held to be only secondarily liable in that suit. First, if the plaintiffs herein are proper third-party defendants, the plaintiff, Harold Marshall, in that suit "may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff * * *" Federal Rules of Civil Procedure, Rule 14. In such case, the third-party defendant could be found primarily liable to the original plaintiff and thus require a defense if such claims were so asserted.

Second, the fact that Civil Action #3727 involves a third-party defendant rather than the plaintiff herein as a joint defendant in a second suit supports the concept of primary liability of the third-party defendants and consequent requisite defense of the doctors by the insurance company. The purpose of Rule 14 (a) is to permit defendants to bring in third parties and thus save time and costs of duplicating evidence. 1A Barron & Holtzoff § 422 at page 644. A separate suit between the Mary Fletcher Hospital and the doctors would be one wherein a judgment against the latter would make them primarily liable to the hospital. The insurance company would appear to be required to defend such a suit. Since they would be so obligated under those circumstances, it appears to be no defense for the insurance company that their insureds are third-party defendants rather than joint defendants. Here the separate suit by the Mary Fletcher has been merged with another action arising out of the same factual situation and closely interconnected with it through the use of a third-party complaint.

Therefore, it is concluded that where a third-party defendant may be found primarily liable to the original defendant or may be found primarily liable to the original plaintiff and is a third-party defendant, it is invalid to contend that the third-party defendant is only secondarily liable as a third party defendant merely because he is such.

The final contentions of the defendant, in summary, state that the third-party complaint in Civil Action #3727 sounds in contract for indemnity and there could be no liability for indemnification under the contract by the doctors to the Mary Fletcher Hospital in tort; further that there is no vicarious liability over from the doctors to the Mary Fletcher Hospital outside of the written contract. It would appear that it is enough that the doctors are third-party defendants and could be held primarily liable, either as independent contractors or by a claim subsequently filed against them by Harold Marshall. This requires Aetna to defend. Further, if it were proven that the doctors were in fact agents or employees of the hospital rather than independent contractors, they could be liable to the Mary Fletcher Hospital. This again requires defense or payment of the claim by Aetna under the terms of the policy. "An agent or employee is liable to his principal or master for damages which the latter was compelled to pay to third person solely because of the negligent or other wrongful act of the agent or employee; and it is no defense to the servant that other persons were also culpable." 42 C.J.S. Indemnity § 21. Vermont law would allow recovery in such circumstances. Jones v. Valisi, 111 Vt. 481, 484, 18 A.2d 179 (1941). Poulin v. Graham, 102 Vt. 307, 310, 147 A. 698 (1929).

The questions of whether or not the doctors are proper third-party defendants and whether the latter contentions of Aetna set forth above are valid defenses to lack of liability of the doctors

**714**

to the Mary Fletcher Hospital are questions which should be raised by the insurance company in its defense of the doctors in Civil Action #3727. They are not basis for denying coverage and consequent duty to defend and pay in accordance with the terms of the issued policies in this present action for a declaratory judgment.

### JUDGMENT ORDER

In accordance with the foregoing findings of fact and conclusions of law, it is adjudged and decreed that the policies issued to Doctors Abajian, Mills and Dente did afford coverage to them when they were carrying out their duties as anesthetists.

It is also adjudged and decreed that the defendant insurance company is required to defend the doctors in accordance with the terms of the policies issued to the doctors in Civil Action #3727 where the aforenamed doctors are third-party defendants and further to pay any sums for which the doctors are found liable within the respective policy limits.