**Eldon G. Dodge v. Aetna Casualty & Surety Co., Sherman A. Carter, James Taylor Carter, and Sherman A. Carter as Guardian of John Phillip Carter**

[ 250 A.2d 742 ]

December Term, 1968

Present: Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed February 4, 1969

*Black & Plante* for the Plaintiff.

*Wick, Dinse & Allen* and *Richard H. Thomas, Esq.,* on the brief for the Defendants.

**Shangraw, J.** This action in equity was brought to obtain declaratory relief concerning the coverage of a comprehensive liability policy issued to the plaintiff by the defendant Aetna Casualty & Surety Company. The chancellor decreed there was no coverage under the policy for the claim under consideration. The plaintiff has appealed from the findings and decree.

Plaintiff has carried on a business in Windsor, Vermont since 1946 selling gasoline and rendering automobile service. In about 1949, Mr. Dodge expanded his business to include the servicing and installing of oil burners. About 1958 he further enlarged his business to include the sale of bottled gas, and the sale and service of gas appliances.

From the outset, plaintiff had obtained his insurance from John Howland who transferred his agency to Max Stoddard in 1957.

When the plaintiff enlarged his business to include the sale of bottled gas, and the sale and service of gas appliances, he then called his insurance agent, Mr. Stoddard and informed him of his new venture. The plaintiff told Mr. Stoddard at that time that he wanted all the insurance he needed for that type of business. Dodge had no familiarity with insurance matters, and relied entirely upon his insurance agent for adequate coverage. Stoddard believed that the policy, as written, included the coverage now in dispute and therefore made no changes in the type of policy written for the plaintiff's business.

Mr. Stoddard conducted a general casualty and fire insurance agency. He was authorized to place insurance with several companies, but he placed virtually all his liability insurance with defendant, Aetna. He termed himself a general agent for the defendant insurance company. He maintained a supply of defendant insurance company's policy forms and letterhead stationery. He had authority to bind defendant, Aetna, to coverages of various types, including products hazard.

In 1962 the plaintiff sold to, and installed in premises owned by defendants, Sherman A. Carter and James Taylor Carter, a thirty-gallon gas water heater. On January 13, 1963, the gas heater began to emit smoke. An employee of the plaintiff serviced the unit. On the following day a fire broke out in the house resulting in an alleged

loss of $12,000. Thereafter, the defendants, Carters, brought suit against the plaintiff and his employee in the Windsor County Court claiming damage for property damage to the Carter house, alleged to have been caused by the negligence of the plaintiff's employee in servicing the gas water heater. This action is currently pending in the Windsor County Court, Docket No. 4330.

Prior to the above suit, plaintiff received a letter from the attorney for the Carters stating that a claim would be made for the fire loss. He then brought the letter to Mr. Stoddard and was told by him that he had no cause for concern, in that the claim was within the coverage afforded by the policy.

Products hazard, which relates to the loss in question, was excluded from the policy coverage. The plaintiff turned to his insurer, the Aetna Casualty and Surety Company, for protection and defense against liability charged in the suit brought by the defendants, Carters. The insurance company declined to defend. It based its refusal on the products hazard exclusion provisions in its policy, which it said excluded losses resulting from appliance installations.

The record demonstrates mistake on the part of Mr. Stoddard as to the extent of coverage afforded by the policy in question. Also, negligence on his part in not having determined, over a period of years, that the comprehensive liability policy issued for period from July 25, 1962 to July 25, 1963, and preceding policies, did not conform to plaintiff's request that he desired "insurance for all I need—everything." This policy was issued by the company and countersigned by its agent, Stoddard.

Here, we are not called upon to construe the policy terms, as is usually required in the more frequent cases. The question is whether or not, on the facts presented, the defendant insurance company is prevented and estopped from taking advantage of the exclusionary provisions of the policy.

Stated more precisely, is the insurance company bound by the acts and neglects of its general agent, Stoddard, while in the performance of his duty to the plaintiff as an agent of the defendant, Aetna? We find the answer in 8 V.S.A. §4802 which states:

"All companies, societies or associations licensed or authorized to do fire, accident, health, liability or workmen's compensation insurance in this state shall be responsible for the acts and neglects

of the agents appointed by them, as between the companies and the applicants for insurance therein, or the insured, while in the performance of their duties as the agents of such companies. Any provisions to the contrary in any policy or contract covering property located in the state, or upon persons or corporations residents or doing business in the state, shall be void."

Moreover, as stated in 29A Am. Jur, Insurance, section 1049, "In an action on a contract of insurance, the insurance company is generally considered estopped to deny liability on any matter arising out of the fraud, misconduct, or negligence of an agent of the company. If either party must suffer from an insurance agent's mistake, it must be the insurance company, his principal." *Stillson* v. *Prudential Ins. Co. of America,* 202 Ga. 79, 42 S.E.2d 121. Compare, *Utilities Construction Corp.* v. *Peerless Ins. Co.,* 233 F.Supp. 64 (D.C. Vt. 1964).

For further reference to this general subject, see Appleton on Insurance Law and Practice, Vol. 16A, section 9166, and 45 C.J.S. Insurance §§728 and 729.

■ We hold that the Aetna Casualty Company is under the duty to defend the plaintiff in the action referred to in this opinion.

*Decree reversed and cause remanded for the issuance of a declaratory decree consistent with the holding stated in the opinion. Plaintiff to recover his costs.*

**Smith, J.,** did not participate in this decision.