## W. Michael Hill v. Charles Grandey, Grandey Insurance Agency and Concord General Mutual Insurance Company

[321 A.2d 28]

No. 177-73

Present: **Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.**

Opinion Filed June 4, 1974

*Stackpole & Amidon,* Stowe, and *Peter S. Sidel, Esq.,* Montpelier, of counsel, for Plaintiff.

*James C. Gallagher, Esq.,* of *Downs, Rachlin & Martin,* St. Johnsbury, for Defendants.

**Keyser, J.** In 1965, one Robert Houle leased his complete poultry farm operation in Morrisville to plaintiff Michael Hill. Mr. Houle had also conducted an off-premises barbecue business, and this was included in the lease. Houle had carried liability insurance coverage of his farm operation through defendant Grandey Insurance Agency with Concord General

Mutual Insurance Company (Concord). Through Grandey, Concord issued a similar policy to Hill.

In 1966, an accident occurred in Hill's barbecue operation in Warren, Vermont, as a result of which Hill was sued. Concord instituted a declaratory judgment action (1967 case) to determine its liability for the claim against Hill. The court determined the barbecue operation was an off-premises activity and ruled that Concord was not obligated to defend or liable to pay any judgment against Hill.

Hill then brought this action on the ground of breach of contract and negligence for failure to provide him with liability insurance covering the barbecue business. Concord raised the preliminary issue of *res judicata* in a motion for summary judgment which the court denied. The court heard the case, made findings of fact, and entered judgment against defendant Concord for the plaintiff to recover $3000.00.

Two issues are raised by defendants' appeal—(1) whether the 1967 case was *res judicata* and (2) whether the court's finding of breach of contract by defendant Concord and negligence by defendant Grandey are supported by the evidence.

At the time of trial the parties stipulated on the record that the findings of fact made in the 1967 declaratory judgment action "are deemed facts for the purposes of this case as well as the adjudicated facts for the purpose of this case." Thus, the 1967 findings of fact became established facts as a part of the record here and were binding on the trial court.

The evidence shows the following facts. Houle leased his business operation known as the Houle Poultry Ranch which produced market eggs and broilers and included a barbecue business (mostly off-premises), and egg routes. Shortly, Hill left word at Mr. Grandey's office that he wanted to see him about liability insurance. When Grandey stopped at the farm, it was a busy time for Hill. He was in a hurry and did not take the time (10 minutes) to discuss any details of insurance with Grandey. Hill made no request except that he wanted the same type of policy that Houle had on his business. Grandey agreed to do so. Hill paid the premium that day and was given a receipt. This was the only meeting the parties had.

Houle had carried his insurance with defendant Concord through Grandey for about ten years, but it never insured

the off-premises barbecue operation. Grandey was not shown the lease by Hill and was not acquainted with its terms. Grandey put in force a policy like Houle's for Hill.

The 1967 action is the basis of appellants' present assertion of *res judicata*. It is contended that the issues raised in the present action were, or should have been, raised and litigated in the 1967 case, and that the appellee should not be allowed to renew his cause by breaking it down into different issues brought against slightly different parties. Grandey was a witness, though not a party, to the 1967 action. The established facts of the 1967 case have been stipulated as part of the record here.

This Court has characterized the doctrine of *res judicata* as rendering a former judgment an absolute bar to a subsequent action only where the parties, subject matter and the causes of action are identical, or substantially so. *McKee* v. *Martin,* 119 Vt. 177, 122 A.2d 868 (1958). In certain actions involving the master-servant relationship, strict identity of parties may not be required. Generally this has been so because the doctrine of *respondeat superior* which gives rise to the only distinction between the two cases creates no new cause of action. See *Jones* v. *Valisi,* 111 Vt. 481, 18 A.2d 179 (1941).

For *res judicata* purposes, the cause of action is the same if the same evidence will support the action in both instances. *Trapeni* v. *Walker,* 120 Vt. 510, 144 A.2d 831 (1958). With this as a limitation, a party will be barred from subsequent litigation as to all issues which he could have brought in his initial action. Such is the import of the rule that "parties to a judgment are concluded thereby . . . as to issues which might properly have been tried and determined in that action." *B & E Corp.* v. *Bessery,* 130 Vt. 597, 298 A.2d 544 (1972). In that case, the plaintiff, who had failed in a suit for breach of contract against Northern Oil Co., Inc., as principal and Bessery as agent, attempted to bring a subsequent action against Bessery for breach as assignee of Northern's interest in a contract between Northern and Bessery. The contract in each instance was based on the same allegation of facts. The order of dismissal on the ground of *res judicata* was affirmed by this Court.

The present controversy presents an entirely different situation. In 1967, Hill and Concord General were joined in an action on the insurance policy to determine whether coverage extended to the off-premises barbecue operation. To the extent that evidence was admitted concerning the transactions which occurred between Hill and Grandey, we are satisfied from the record that such evidence, if material at all, was not essential to the question of coverage. Evidence that Grandey told Hill his barbecue business would be covered under the policy to be issued would not have supported an action for coverage, where the policy itself and the premiums paid thereunder were in evidence and sufficient to support a contrary conclusion as the trial court found.

Whether the same cause of action is present, so as to raise the bar of *res judicata* to subsequent litigation, must be determined on the facts of each case. The determination made by the lower court in the present instance was a correct one. The present action is based on an allegation of negligence and breach of a contract to procure insurance, as distinguished from the insurance contract itself. The evidence focuses on the communications between the agent Grandey and Hill. Concord General is joined as a party only on the premise of vicarious liability. It cannot be said that this action proceeds from an attempt by Hill to break down his case "into a myriad of single issue actions to obtain the desired judgment." *B & E Corp.* v. *Bessery, supra,* 130 Vt. at 601. Rather, Hill now seeks to support a different contract on a different evidentiary basis than was available to him in the original suit.

An action on an insurance policy and an action for negligence and breach of contract for failure to procure such a policy are not inconsistent causes of actions. While not inconsistent, however, they are not identical. In an analogous situation, *McKee* v. *Martin, supra,* we held that *res judicata* did not apply. There, as here, the evidence required to support either one of the two actions would not support the other action. While the cause of action here raised might have been raised in the original proceedings, to have done so would have expanded the questions to be passed upon and the evidence to be considered. Such matters are best left to

the discretion of the parties and the trial court, lest the proceedings become too unwieldy. See V.R.C.P. 13. We therefore now hold that the present action is not barred by *res judicata*.

The lower court found the contract between Hill and Grandey based on a promise by Grandey to provide liability insurance to cover all of Hill's "poultry business including the barbecues." The 1967 case established that the liability insurance which was provided did not cover the barbecue, so that, if there was a contract as found by the lower court, there can be little doubt that Grandey was in breach of that contract. The appellants contend here that there is no basis for the finding of such a contract.

There is no disagreement between the parties that Mr. Grandey's promise to insure, as that promise was made to Mr. Hill, did not in express terms include any reference to the barbecue operation. The 1967 court found that Grandey offered to "secure a policy of liability insurance such as Mr. Houle . . . had." The lower court here made an additional finding that "Defendant Grandey explained to the Plaintiff Hill that he had the liability insurance covering all of Mr. Houle's business and that plaintiff as lessee ought to have similar coverage." It further found that Hill agreed at the February 1965 meeting that "he needed the coverage as suggested by Defendant Grandey" and that Hill "signed the application for the liability insurance that Defendant Grandey suggested."

The premise that Grandey's promise to insure was intended by him to include the barbecue business appears to be based on Findings 4, 5, 8 and 19 of the lower court's findings to the effect that the previous contract to insure between Grandey and Houle had included the barbecue business. The court concluded in Finding 15, that:

> Defendant Grandey knew or in the exercise of reasonable care and diligence should have known that the Plaintiff was conducting exactly the same type of poultry business as Mr. Houle including the off-premises barbecue business and had all the same or similar risks of liability exposure as Mr. Houle.

This Finding, however, insofar as it relates to Grandey's actual knowledge, is in conflict with Finding 18 of the in-

corporated 1967 findings that Grandey "was not aware that Mr. Hill was doing any barbecue work or conducting a barbecue business until after the accident on July 4, 1966."

■ While this Court has an obligation to construe the findings in support of the judgment order and to resolve all conflicting inferences in favor of the appellee, inconsistent findings may give rise to reversal. *Padova* v. *Padova,* 123 Vt. 125, 183 A.2d 227 (1962).

■ Such inferences, as may be drawn from Grandey's prior dealings with Houle to support the theory that he was aware of Hill's barbecue business at the time of the promise to insure, are in direct conflict with the finding that he did not in fact have any such knowledge. In the absence of knowledge, his promise to secure such insurance as Houle had, or to give Hill insurance similar to Houle's or to insure all of Hill's business, cannot be taken to include a promise to insure the barbecue business. Without this promise, no action for breach of contract can be maintained. The lower court's determination on this count must be reversed. See *Padova* v. *Padova, supra.*

The negligence count rests on a duty which Grandey as an insurance agent allegedly owed to Hill apart from any promise he may have made. Appellee contends that as a result of Grandey holding himself out as competent in matters of insurance, and Hill, unfamiliar with such matters, relying on his expertise, Grandey was under a duty to exercise reasonable care and skill in making inquiries to ascertain the extent of the risk to be assumed on behalf of the insured. Appellants challenge appellee both as to the nature of the agent's duty and to the question of breach.

Finding 18 of the 1967 findings, previously discussed, establishes that the agent Grandey did not in fact know at any time material that Hill was operating a barbecue. Other findings to the effect that Grandey knew that Houle had conducted barbecues while raising a possible inference that Grandey *should have* known about Hill's barbecue, do not conflict with the finding that he had no actual knowledge. The only information which Hill relayed directly to Grandey was that he wanted coverage similar to Houle's, "covering all of Mr. Houle's business." Hill neither showed Grandey a copy of his

lease nor requested to be shown a copy of Houle's policy. Rather, he apparently assented to Grandey's proposal to complete the insurance application by taking the information from Houle's policy. The conclusion is unavoidable that, in the course of the ten minute interview, Hill was content to rely on whatever representations Houle may have made to him as to the extent of previous coverage and Grandey's consultation of the prior policy, to describe the nature of the business for which he wanted Grandey to write coverage.

A finding of negligence on Grandey's part, in light of Finding 18 of the 1967 findings, is dependent on whether Grandey had a duty to inform himself as to all the business conducted by Hill, either on the basis of Hill's general representation that he wanted coverage for all his business the same as Houle had, or on the basis of his knowledge, as the lower court found, that Houle had previously run a barbecue and that Hill was leasing from Houle.

In *Dodge* v. *Aetna Casualty,* 127 Vt. 409, 250 A.2d 742 (1969), this Court held an insurance company estopped from denying coverage under a comprehensive liability policy where the record demonstrated mistake on the part of its agent as to the extent of coverage and negligence on his part in not having determined that the policy in question conformed to the insured's request that he desired " 'insurance for all I need —everything.' "

The insured in that case carried on a business selling gasoline and rendering automobile service, which he later expanded to include the sale of bottled gas and the sale and service of gas appliances. The plaintiff carried a comprehensive liability policy with the defendant company from the outset. When his business expanded to include gas appliances, he informed the company's agent of that fact and asked for insurance covering his new line. The agent, under the mistaken belief that his current policy provided the coverage he desired, made no changes in the policy. An accident arose out of the installation of a gas water heater which was not covered by the policy under a products hazard exclusion.

The failure of the agent in *Dodge* was a failure to ascertain whether the policy met the needs of the insured *as stated by him.* Insofar as the agent's duty there can be characterized as a duty to inquire, it was a duty to inquire into the

nature and extent of the policy issued, in other words to interpret the policy. These were matters lying within the peculiar expertise of the agent concerning which the insured could not be expected to have any knowledge.

*Consolidated Sun Ray, Inc.* v. *Lea,* 401 F.2d 650 (3d Cir. 1968), cited by the appellee, is to the same effect. There, the insured was awarded damages against the agent for the agent's negligence in failing to obtain the insurance coverage specifically requested by the plaintiff.

A third case cited by the appellee, *Michigan Mutual Liability Co.* v. *Shuford & McKinnon, Inc.*, 292 F.Supp. 290 (S.D. Miss. 1968), while providing some general support for the duty claimed by appellee, involved interpretation of Mississippi law and is distinguishable on its facts. There, the insurance company brought an action against its agent for negligent performance of a duty owed to the company to inquire into the business facts before writing coverage.

■ We do not think that the imposition of a duty to inquire, such as that for which the appellee contends, is warranted in the present circumstances. This is not a situation where the agent's expertise in insurance matters might give rise to a duty to inquire as to facts necessary to provide the specific coverage requested, whether facts concerning the business or facts concerning the insurance policy as in *Dodge, supra.* The undisclosed facts here went to the nature of the business covered and lay more peculiarly within the knowledge of the insured than that of the agent. Nor was the necessity of their disclosure dependent upon such knowledge of insurance as was available to the agent and not to the insured as a member of the general public.

An insurance contract arises out of the insured's desire to be protected in a particular manner against a specific kind of obligation. It is his responsibility to adequately convey, albeit in laymen's terms, the nature of his wishes, in order to obtain the protection requested. An insured need not insure himself against every obligation which may arise. He need not carry all his insurance with one agent, nor all his insurance of the same general nature with one agent. An agent may point out to him the advantages of additional coverage and may ferret out additional facts from the insured applicable

to such coverage, but he is under no obligation to do so; nor is the insured under an obligation to respond.

We hold therefore that Hill's request for coverage of all the business such as Mr. Houle had, or words to that effect, coupled with his consent that Grandey take the necessary information from Houle's policy, gave rise to no duty to inquire further into the facts of the business, if there was sufficient information available to him, as appears from the record, to write a valid contract of insurance.

Appellee contends however, that the nature of the information given Grandey, specifically that a lease between Houle and Hill existed, gave rise to a duty to inquire into the nature of the lease which would have led to his awareness of the barbecue operation. Appellee relies on *Johnson & Co.* v. *Marsh & Ufford,* 111 Vt. 266, 15 A.2d 577 (1940), and also *Lane Construction Corp.* v. *State of Vermont,* 128 Vt. 421, 428, 265 A.2d 441 (1970), in which the Court stated:

> The opportunity for knowledge, when available by the exercise of reasonable care, is the equivalent of knowledge itself. . . . Knowledge of true facts may be essential to careful conduct, and where knowledge is required, voluntary ignorance is culpable and affords no protection.

In the *Johnson & Co.* case, the plaintiff-obligee accepted a tenant farmer's representation that his landlord, under a lease agreement, obligated himself to insure payment of all debts entered into by the lessee. The Court held that the plaintiff's awareness of the existence of a lease, and the representation of the lessee that owner would pay the bills was sufficient to put it on inquiry as to the true nature of the agreement, and, as a consequence, denied any liability in the owner of the farm. In the *Lane* case, the construction firm, under a contractual obligation to carefully examine the work site as to conditions to be encountered, failed to do so in such a manner as to discover a source of water for an adjacent reservoir which was later disturbed by the construction work. The firm was held liable for the damages incurred.

Here, there were two documents, knowledge of the contents of which would have led the parties to the discovery of their mistake. Grandey might have examined Hill's lease. Hill could

also have requested examination of Houle's policy, having authorized the use of information from it. The rule stated in the *Johnson* and *Lane* cases is dependent not only on voluntary ignorance of essential facts but on a requirement of knowledge, in other words, a duty to inquire. It should be apparent from what has previously been discussed, that such a duty here, regarding the essential subject matter of the insurance contract, rests in the insured and not the insurance agent.

*Judgment reversed; judgment entered for defendant Concord General Mutual Insurance Company.*

**Larrow, J.** (concurring in result) I agree with the majority of my brothers that the judgment below must be reversed. But I would do so on the basis of the 1967 declaratory judgment obtained by now defendant Concord against now plaintiff Hill. In my view, the issues now sought to be raised were in fact raised, litigated and concluded in that action.

True it is that these issues were not raised in the 1967 complaint, and that Concord sought to have them excluded from judicial consideration. But they were put in issue by the answer, which squarely raised the questions decided in *Dodge* v. *Aetna Casualty*, 127 Vt. 409, 250 A.2d 742 (1969). I cannot agree with the statement in the majority opinion that the agent's assurance of coverage would not bind Concord. *Dodge* v. *Aetna Casualty, supra; Abajian* v. *Aetna Casualty and Surety Co.*, 232 F.Supp. 710 (D.Vt. 1964); *Utilities Construction Corp.* v. *Peerless Ins. Co.*, 233 F.Supp. 64 (D.Vt. 1964). To me, the record is clear that these claims were raised by Hill and determined adversely to him in the 1967 action. His complaint in this action adds nothing, factually, to his 1967 answer; this becomes even more clear in light of the stipulation that the facts found in the 1967 action are binding in this action.

I would apply to this action the general principles laid down in *B & E Corp.* v. *Bessery*, 130 Vt. 597, 298 A.2d 544 (1972). The distinctions drawn in *McKee* v. *Martin*, 119 Vt. 177, 122 A.2d 868 (1956), are to my mind inappropriate. The two causes of action therein involved were distinct and different, supported by different evidence. One action was for

fraudulent inducement to contract, the other for breach of the contract itself; these actions even accrue at different times. Such is not here the case. Here the parties, subject matter, and causes of action are substantially the same, and the former judgment should bar this action. *McKee* v. *Martin, supra,* and cases therein cited.

Nor am I impressed by plaintiff's claim that much of his evidence was excluded by the court in the 1967 action. Whatever the fact on this disputed claim, it is apparent that the issues now sought to be raised were raised in the 1967 action, decided adversely to now plaintiff Hill, and that the 1967 judgment was unappealed from. If, as plaintiff claims, the 1967 court, by exclusionary rulings, did not "litigate" the issues, he is not helped here thereby. The issues were raised, presented, and should have been "litigated". The defense of prior adjudication does not require a showing of correctness, only one of finality.

I agree with the majority that the presence or absence of defendant Grandey as a party in the 1967 action does not affect the result here, because *respondeat superior* applies as between him and Concord. *Jones* v. *Valisi,* 111 Vt. 481, 18 A.2d 179 (1941). This is especially true because for reasons not here apparent the judgment below runs only against the defendant Concord, without mention of Grandey.

I would also note that the 1967 action arose before the enactment of V.R.C.P. 13(a), so that the effect of that rule is not a factor in this decision.