### FIGHTMASTER et v TAUBER

Ohio Appeals, 1st Dist, Hamilton Co

Decided April 11, 1932

James G. Stewart and Alfred Pfau, Cincinnati, for plaintiff in error.

August A. Rendigs, Jr., and Edward Lee Meyer, Cincinnati, for defendant in error.

HAMILTON, J.

The question of law for decision here is: Whether where an employer is sued for negligence of the agent in driving the truck, judgment against the employer is a bar to a subsequent action of negligence against the agent, the defendant in this case.

The demurrer admits the facts pleaded in the second defense.

The claim of the plaintiff in error is, that the judgment in the Mode case, pleaded in the second defense, is not res adjudicata of the present case. His argument is that Tauber, the defendant in this cause, and Mode, the defendant in the judgment pleaded, were not, and could not have been joined in that action; that the defense of res adjudicata can only be pleaded where the parties to the action are the same. We do not find this to be the true test of the doctrine of estoppel by judgment, or res adjudicata. The true rule is stated in the case of United States v California Bridge Co., reported in 245 U. S., page 337. At page 341 of the opinion the court said:

"The doctrine of estoppel by judgment, or res adjudicata, as a practical matter, proceeds upon the principle that one person shall not a second time litigate, with the same person or with another so identified in interest with such person that he represents the same legal right, precisely the same question, particular controversy, or issue, which has been necessarily tried and finally determined, upon its merits, by a court of competent jurisdiction. In a judgment in personam in a former suit." Citing cases.

Applying this rule to the instant case—in the Mode case it was necessary for plaintiff to prove negligence on the part of the servant, Tauber, causing the accident. If such negligence had been proved, then under the doctrine of respondeat superior, Mode would have been liable for the damage. The liability of Mode was of a secondary character on the theory of respondeat superior. The active party causing the accident was Tauber, the servant. The jury in the Mode case found that Mode, the principal, was not liable, therefore, of necessity, found that Tauber was not guilty of negligence, causing the accident.

Thus, the same legal right and the same question was necessarily tried and determined in the Mode case, on the merits, by a court of competent jurisdiction, and judgment was rendered in favor of the defendant, Mode. Since this must necessarily constitute a determination of Tauber's conduct as to negligence, causing the accident, it follows that the doctrine of estoppel by judgment is shown and applies to the instant case.

The case of **May Coal Co. v Robinette, 120 Oh St, 110,** is cited by plaintiff in error as supporting authority. That case, however, involved the question as to whether or not an administrator may maintain an action under the statute for wrongful death, after suffering judgment in favor of the defendant in an action for damages for pain and suffering during the lifetime of the decedent. The Supreme Court held that the decision in the action brought by the administrator for the benefit of the estate does not bar another action for wrongful death under the statute, for the benefit of the widow and next of kin. The case was decided under the statute, which provides for the maintenance of the two actions. The General Assembly might provide that an action against a master does not bar an action against the servant. It has not done so. We are therefore limited to the common law rules, and the Robinette case is not in point.

It is argued that the rules of evidence would be different in an action against the servant; that the servant might be called for cross-examination and his admissions would be admissible as against interest, while against the master, such evidence would not be admissible. These are rules of procedure only and are not of a substantive nature. Such evidence may or may not be beneficial to the plaintiff. However that may be, it does not affect the proposition that the question of the servant's negligence has been determined. This of necessity, since it found that Mode was not liable. This is the precise question in the case.

This conclusion is well supported by the cases of: Lasher v McAdam et, 211 N. Y. S., 395; Hobbs v Illinois Central Rd. Co., 171 Iowa, 624; notes in L. R. A., 1917 E. 1023; Spencer et v Watkins et, 169 Fed., 379,

(215 U. S., 605); Cuneo Importing Co. v American Importing & Transportation Co. et, 247 Fed., 413.

It must be borne in mind that the second defense alleges "the issues were the same" in the instant case as in the Mode case. This, under the demurrer, is admitted.

The judgment of the Court of Common Pleas in overruling the demurrer was correct, and that judgment is affirmed.

ROSS, PJ, and CUSHING, J, concur.