## DE ROSE v BROCKHOFF

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5817. Decided June 24, 1940.

Ginocchio & Ginocchio, Cincinnati, for appellee.

David A. Attig, Cincinnati, and Harold L. Brown, Cincinnati, for appellant.

## OPINION

By HAMILTON, PJ.

This case arose in the Municipal Court of Cincinnati and grows out of an automobile collision.

It appears that Brockhoff, appellant in this court, backed his car out of a parking lot across the road; that De Rose, driving rapidly on the main highway, came around a curve, drove his car into the side of Brockhoff's car, damaging it. De Rose sued Brockhoff for damages to his car, and Brockhoff cross-petitioned for damages to his car.

The trial resulted in a verdict for Brockhoff on the petition, and a judgment in his favor on his cross-petition.

On appeal to the common pleas court, that court reversed the judgment of the Municipal Court and remanded the case to the Municipal Court for a new trial. From that judgment of reversal, Brockhoff appeals to this court.

The common pleas court reversed on two grounds:—First, that the Municipal Court of Cincinnati erred in striking plaintiff's amended answer to the cross petition from the files; and, second, for error by the Municipal Court in admitting a hypothetical question on the amount of damages.

As to the second ground of reversal, appellant consents that the element of damage, to which the hypothetical question was addressed ▉▉▉ may be eliminated from his claim and his judgment reduced by that amount. This would cure that error, if such it was, and remove that ground for reversal of the judgment of the Municipal Court.

The question of the claimed error in striking the amended answer to defendant's cross-petition depends on whether or not the plea of judicial estoppel, or res adjudicata may be pleaded and shown in this case, under the facts set up in the amended pleading filed.

It appears that at the time of the collision, one Meyer was following De Rose about 50 or 100 feet away and his car also struck Brockhoff's car. Meyer sued Brockhoff and recovered a judgment for damage to his car.

These are in substance the facts set up in the amended answer, and it is claimed that the Meyer judgment is conclusive in establishing that Brockhoff was guilty of negligence in backing out on the highway as he did, which would prevent his recovery on his cross-bill.

Plaintiff relies largely on the case of **Fightmaster v Tauber, 43 Oh Ap 266.** This case is not controlling or decisive of the question. Facts are missing and differ in many respects, and are not such as to entitle plaintiff to invoke the rule and apply the same in this case.

It would serve no good purpose to analyze the facts at length. The parties are different, the injuries are different, the position of the cars is different. About the only thing that can be said to be similar is that the two collisions occurred near the same time.

It is further suggested that the motion to strike was not the proper way

to raise the question. That it should have been raised by demurrer or answer. Of course, the question could have been raised by answer or demurrer. The motion to strike, however, would reach the question. If the pleading on its face shows it presents no defense, as in this case, the motion may be considered as a demurrer.

The judgment of the court of common pleas is reversed and the judgment of the Municipal Court of Cincinnati will be reduced by $48.35, and, as reduced, will be affirmed.

MATTHEWS & ROSS, JJ., concur.