**Leo T. MOONEY, Plaintiff-Appellant,**

v.

**CENTRAL MOTOR LINES, Inc., and Boyce S. Marlowe, Defendants-Appellees.**

**No. 12327.**

United States Court of Appeals Sixth Circuit.

May 6, 1955.

C. Richard Grieser, Columbus, Ohio, Alex C. Dombey, Columbus, Ohio, William A. Finn, Toledo, Ohio, on brief, for appellant.

Ernest C. Schatz, Toledo, Ohio, Doyle, Lewis & Warner, Toledo, Ohio, on brief, for appellees.

Before MARTIN, McALLISTER, and STEWART, Circuit Judges.

PER CURIAM.

In this case, the facts are the same as in Mooney v. Central Motor Lines, Inc., 6 Cir., 222 F.2d 569, decided April 26, 1955, except that appellee Marlowe was not a party defendant in that case. We there held that the Federal Rules of Civil Procedure governed disposition of the case rather than the law of the State of Ohio, and that the district court's order of dismissal, with prejudice, operated as an adjudication upon the merits.

The negligence alleged in the instant case was the same as that in the prior case. Upon the motion of appellees, Central Motor Lines, Inc. and Boyce S. Marlowe, to dismiss the complaint in the instant case, the district court entered an order granting the motion. Appellee Marlowe was the agent, servant, and employee of the Central Motor Lines, Inc., as appears from appellant's allegations in his complaint in the prior case and in Marlowe's admission of that fact in his motion, supported by affidavit, to dismiss the complaint in the instant case.

In this case, as in the prior case, the Federal Rules of Civil Procedure, 28 U.S.C.A., govern disposition, rather than the law of the State of Ohio. The order of the district court dismissing the case against Central Motor Lines, Inc., with prejudice, which was affirmed by this court in Mooney v. Central Motor Lines, Inc., supra, operated as, and was, an adjudication upon the merits. Rule 41(b) of the Federal Rules of Civil Procedure; Olsen v. Muskegon Piston Ring Co., 6 Cir., 117 F.2d 163.

A judgment in a negligence case in favor of a master or principal on the one hand, or the servant or agent on the other, sued alone, is res adjudicata and conclusive as to such negligence in a subsequent action against the other party. The doctrine of estoppel by judgment or res judicata, as a practical matter, proceeds upon the principle that one person shall not a second time litigate, with the same person or with another so identified in interest with such person that he represents the same legal right, precisely the same question, particular controversy, or issue, which has been necessarily tried and finally determined upon its merits, by a court of competent jurisdiction. United States v. California Bridge Co., 245 U.S. 337, 341, 38 S.Ct. 91, 62 L.Ed. 332.

A judgment for an employer sued for his employee's negligence bars a subsequent action against the employee. Fightmaster v. Tauber, 43 Ohio App. 266, 183 N.E. 116.

The action against the Central Motor Lines, Inc., having been dismissed with prejudice, the action against appellee Marlowe, by the same token, falls.

The order of the district court dismissing the action against the above named appellees is affirmed.